HATCH & BROOKMAN, Appellee, v. JOSEPH KULA et al., Appellants.

PAYMENT: Application—Right of Guarantor. A guarantor of a particular contract may demand that his payments be credited on *that* particular contract, even though, when he made the payment, he gave no direction as to how the money should be applied. So held where the guarantor had guaranteed an original building contract, and where his payments were applied on a contract for extras which he had not guaranteed.

*Appeal from Linn District Court.*—Milo P. Smith, Judge.

DECEMBER 15, 1922.

REHEARING DENIED MARCH 17, 1923.

Action to foreclose a mechanic's lien. Decree entered in conformity to the prayer of the petition, except that the action was dismissed as to the bank. Defendants appeal.—*Modified and affirmed.*

*Remley & Remley,* for appellants.

*Voris & Haas,* for appellees.

De Graff, J.—This is an action to foreclose a mechanic's lien. The trial court upon the conclusion of the testimony, and with the consent of both parties, inspected the building in question to determine more intelligently the issues in the case. The court found that the plaintiffs had performed fairly and substantially their contracts alleged in the petition, and that the extra work and materials as claimed were furnished in the construction of the building and at the special instance and request of the defendant Joseph Kula, Jr., the owner of the premises, and that he agreed to pay and a lien was filed therefor. The court further determined that the payment by the defendant Joseph T. Kula in the sum of $1,000 on October 25, 1917 was properly applied by the plaintiff on the bill for extras, as no directions were given by defendants to apply it otherwise.

It was also determined that the total amount due on the contracts and for extras amounted to $8,010 and that the balance due plaintiff from the defendants is in the sum of $1,010. The judgment was entered against the defendants for said amount with costs and interest at 6 per cent from October 25, 1917 and a lien was established upon the premises with right of special execution to issue for the sale thereof to satisfy the judgment and costs.

The following primary errors are assigned by appellants: (1) That the court erred in applying the payment of Joseph T. Kula in the sum of $1,000 October 25, 1917 on the bill for extras

and not upon the items óf the alleged account for which he became guarantor. (2) That the court erred in dismissing the counterclaim of Joseph Kula, Jr. in which damages are sought to be recovered predicated on the noncompliance of plaintiff in certain particulars in the construction of the building.

I. In explanation of the first assignment the evidence discloses that at the time that the original contract of construction was executed Joseph T. Kula, the father of Joseph Kula, Jr. deposited in the Prairieburg Savings Bank his certified check for $2,000 to insure the payments upon the completion of the contract for building. Later with the consent of all parties the check was withdrawn and a promissory note signed by the Kulas was substituted with a memorandum of agreement indorsed on the back thereof that the note ''is to be payable to them (plaintiffs) and delivered to them in case he (Joseph Kula) fails to fulfill his part of contract, otherwise it is to be returned to the makers.'' Payments on the contract were made by Joseph Kula, Jr. as follows, May 9, 1917 $2,000; June 19, 1917 $3,500; August 4, 1917 $1,500 or a total of $7,000.

In early September the work on the building was substantially completed, and at this time Joseph Kula Jr. was expecting to be called into military service and in fact did enter the service a short time thereafter. There is evidence that the son prior to his enlistment called at the office of plaintiff and the items of extras were discussed by and between Joseph Kula, Jr. and plaintiff Brookman in the presence of Mr. Jones the bookkeeper of the firm. These items totaled $1,002.10 but the bill was discounted in the sum of $2.10, and it is claimed that Kula Jr. agreed to pay the balance within a few days. This testimony is disputed by the son. It does appear that thereafter and on October 25 a· check for $1,000 was received by the plaintiff from Joseph T. Kula, the son being in military service.

No directions at that time were given by the payor in the application of the payment on the account. Is this a material fact in determining the legal principle involved? J. T. Kula had no title or interest in the premises upon which the building was constructed. He was not a party to the original contract except as a guarantor in a definite amount. His liability under his contract of guaranty cannot be enlarged or extended by im-

plication. It is strictly construed. *Schoonover v. Osborne Bros.*, 108 Iowa 453.

The debtor in the instant case is primarily liable. The creditor received the payment of $1,000 from a third party whose property would be liable upon a failure of the debtor to fulfill his obligation in making payments under a contract which the payor secured. As between the debtor and his creditor the latter may apply payments to items of indebtedness as he chooses, unless the debtor designates the application of said payments. *Heaton v. Ainley*, 108 Iowa 112; *Farmers Sav. Bank v. Newton*, 154 Iowa 49.

The instant case is not within the rule but within the exception, since the creditor received payment from a third party whose liability on the contract was known to the creditor. It concerned an indebtedness which the payor had secured. *Young v. Swan* 100 Iowa 323; *Lee v. Storz Brew. Co.* 75 Neb. 212. See, also, *Sioux City F. & M. Co. v. Merten*, 174 Iowa 332.

A guarantor has the right to stand on the strict terms of his obligation. Plaintiff sued on two written contracts, to wit: the building contract and the cellar contract. The obligation of J. T. Kula attaches only to the original contract, and this necessarily excludes the cellar contract and the items of extras.

The original contract price was stipulated in the sum of $7,650, and it is to this sum that the guaranty relates. $7,000 thereon has been paid by the owner. The legal liability, therefore, of the guarantor at the time of the payment in question was in the sum of $650. The guarantor having paid the sum of $1,000 his obligation on his contract has been fully discharged. The trial court was in error in holding that Joseph T. Kula was "equally liable" with the defendant-owner Joseph Kula, Jr., and the decree will be modified relieving Joseph T. Kula from a personal liability as recited in the judgment entered.

II. The second assignment calls for a brief outline of the evidence. It appears that subsequently to a conversation between Kula, Jr. and the plaintiffs, Hatch and Brookman, a written contract for the building of a garage was executed and for the performance of the contract Kula, Jr. agreed to pay Hatch and Brookman $7,650. By a subsequent written contract with Kula, Jr. it was agreed that a cellar should be put under the

building for $360. This was done. The garage was constructed of hollow tile blocks 8x12, and the dimensions of the building were 66x120 feet. The contract further provided that the roofing should be of a particular brand of "red granite."

No complaint appears to be made concerning the materials used, and Kula Jr. was present during the construction of the building and saw the materials that were used. The fair preponderance of the evidence discloses that the garage was constructed in a workmanlike manner, and that the items charged went into the building.

Some complaint is made by reason of defects appearing from two to four years after its completion. For instance, it is claimed that the roof had two or three leaks therein; that there were some holes in the wall; that there were some small cracks or checking in the walls of the building. All of these matters are satisfactorily explained without imputing to the plaintiff any defects in workmanship or in the materials used. The roof was a flat roof. The material selected was used. One witness testifies that the fault was in the character of the material in that "it was a prepared roofing, and no matter how carefully put on it would leak in the course of three or four years." The holes in the walls were accounted for by defendants' witness Peet, who was the occupant of the building. He testified that the only holes were "where someone had put bolts through the wall for some purpose." Two other witnesses testified to the same effect. The checking in the walls was undoubtedly due to the fact that the foundation walls were not heavy enough. This is the opinion of several witnesses. This defect is not chargeable to workmanship or to the failure of the plaintiff to comply with the contract.

There is some conflict in the testimony as to the extras, but it is fairly shown that what was done by the plaintiff in changes of plans and details were made at the instance of the Kula, Jr.

The fact that the trial court not only had the advantage of seeing and hearing the witnesses, but also the advantage of a personal inspection of the building to determine the matters in controversy in the light of the oral testimony is quite persuasive on this court, and we are not disposed to disturb his findings for slight or transient reasons.

The decree entered is modified to the extent indicated herein, but otherwise it is affirmed.—*Modified and affirmed.*

Stevens, C. J., Weaver and Preston, JJ., concur.