IN RE ESTATE OF L. T. SHANGLE.

D. W. BATES, Superintendent of Banking, Claimant, Appellee, v. MATTIE SHANGLE, Executrix, Defendant, Appellant.

No. 43630.

OCTOBER 27, 1936.

Edward L. O'Connor, Attorney General, and Arlo W. Palmer, for appellee.

Thomas J. Bray, for appellant.

DONEGAN, J.—On November 29, 1930, the Citizens State Bank of New Sharon, Iowa, wrote to L. T. Shangle the following letter:

"Mr. Walter Stafford was in yesterday and he wanted to borrow about $800.00 personally and he said that he thought

you would stand good for it. We want to know if you will stand good for it. Please let us hear from you.

"Yours very truly,

"F. S. Trimbel, Cashier."

L. T. Shangle answered this letter by returning it to the bank with the following statement in writing on the bottom thereof and signed by him:

"I will see that you will get back your money with interest if you will make him the above loan and renew it from time to time until he has chance to make it, renewals to be upon condition he pays up the interest every six months."

Following the receipt of this letter with the statement signed by Shangle on the bottom thereof, the bank loaned $800 to said Walter Stafford and took his note therefor, dated December 12, 1930, due six months from date, with interest at 7 per cent per annum, payable semi-annually. The Citizens State Bank ceased to transact business with the closing of its doors on October 19, 1931, and on the 21st day of October, 1931, L. A. Andrew, superintendent of banking of the state of Iowa, was appointed receiver. L. T. Shangle died on September 2, 1935, and his surviving spouse, Mattie Shangle, was appointed and qualified as executrix of his estate, on the 21st day of September, 1935.

On the 24th day of September, 1935, D. W. Bates, successor to L. A. Andrew, as superintendent of banking of the state of Iowa, and receiver of the Citizens State Bank, filed a claim against the estate of said L. T. Shangle for a balance of $768, alleged to be due upon the note of Walter Stafford, which amount was claimed as due from the estate of L. T. Shangle because he had guaranteed the payment of the indebtedness represented by said note. A copy of said letter with statement signed by Shangle was filed with the claim. Mattie Shangle, as executrix of the L. T. Shangle estate, filed her answer to said claim in three divisions. Division 1 denied each and every allegation of the statement contained in the claim. Division 2 alleged that the writing, claimed to have been signed by L. T. Shangle and attached to the letter of the bank, does not constitute a guaranty of payment of the indebtedness owing by Stafford to claimant, and does not constitute an agreement by L. T.

Shangle to pay said indebtedness. Division 3 alleged that if said writing signed by Shangle constitutes an agreement to pay the indebtedness owing to claimant by Stafford, such agreement was conditioned upon the Citizens State Bank renewing the note evidencing said indebtedness from time to time until said Stafford would have a chance to pay the same; that said note was not renewed, and that said Stafford was not given a chance to pay the same by having said note renewed from time to time until he would be able to make payment thereof; that the condition underlying the alleged agreement was not performed by the bank or by claimant as receiver of the bank. To this answer the claimant filed a reply stating that on or about May 20, 1931, said Stafford paid the interest on said note and paid $100 on the principal thereof, and at that time said note was extended for a further period of six months; that on October 19, 1931, said Stafford again paid the interest due on said note and the amount of $100 on the principal thereof, and that said note was again extended to May 1, 1932, that the said Stafford at no time after October 19, 1931, paid any interest on said note, and, under the provisions of the guaranty of L. T. Shangle that renewals were to be made upon condition that Stafford pay up the interest every six months, said Stafford was not entitled to a further extension or renewal and the liability of the said L. T. Shangle under said guaranty became matured. The case was tried to the court and upon the completion of the trial the court entered an order allowing the claim. From this order the defendant-executrix appeals.

The evidence shows that the letter of the bank to Shangle was returned to the bank with the statement at the bottom thereof signed by Shangle; that thereafter the bank loaned $800 to Stafford, for which it took his note; that the payments of interest and on principal were made as alleged in the reply of the claimant receiver; that no interest or principal was paid subsequent to October 19, 1931; and that the bank went into receivership on the 21st day of October, 1931. The record does not show either a demand by the receiver for the payment of the note or for the payment of the interest thereon at the end of the six-months period from the last payment of interest, or at any other time during the lifetime and prior to the death of said Shangle on September 2, 1935, and there is no evidence that said Stafford, or any other person for him, paid or tendered or offered to pay

any part of the principal or any interest that became due upon said note subsequent to the 19th day of October, 1931, when the last interest was paid thereon.

The principal grounds upon which the appellant bases her claim of reversible error are: 1. Because the writing relied on does not constitute a guaranty of payment. 2. Because the said writing is only a conditional guaranty, the condition being that the bank must renew the note from time to time until the maker has a chance to fully liquidate the indebtedness. 3. Because the trial court denied the guarantor the right to prescribe the exact terms under which he would enter into an obligation and to insist upon his discharge if the terms were not observed. 4. Because the bank by its insolvency became unable to comply with the conditions of the guaranty. 5. Because the claimant did not, for a period of approximately four years, while L. T. Shangle was alive, attempt to make collection under the guaranty.

We agree with the claim of the appellant that a guarantor has a right to impose the conditions under which he will guarantee the indebtedness of another, and that the writing relied upon in this case is a conditional guaranty. Schoonover v. Osborne, 108 Iowa 453, 79 N. W. 263; Andrew v. Austin, 213 Iowa 963, 232 N. W. 79; Hatch v. Kula, 195 Iowa 619, 190 N. W. 969; Williamson Heater Co. v. Whitmer, 191 Iowa 1115, 183 N. W. 404. We are unable to agree with the appellant, however, that the only condition attached to this guaranty was that the bank should renew the note from time to time until the maker of the note would have a chance to pay it. True, the statement did say: ''I will see that you will get back your money with interest if you make him the above loan and renew it from time to time until he has chance to make it.'' But it also contained the further condition: ''Renewals to be upon condition he pays up the interest every six months.'' Conceding that it was a condition of the guaranty that the bank would be obliged to renew the loan from time to time until the maker of the note would have a chance to pay it, there was the further condition, in regard to such renewals, that the bank would not be obliged to renew the note, and would not be at liberty to renew it, if the maker of the note did not pay up the interest thereon every six months. The record shows that only two payments of interest were made subsequent to the execution of the note, one such payment with $100

on the principal was made May 20, 1931, and the second such payment with another $100 on the principal was made on October 19, 1931. On neither of these occasions was demand made by the bank for the full balance due on the note, and an endorsement on the note shows that it was "extended to 5/1/32."

Appellant makes the statement, but cites no authority in support thereof, that by becoming insolvent and going into the hands of the receiver the bank became unable to carry out the terms under which the payment of the indebtedness was guaranteed. Appellee cites as authority the statement contained in 53 C. J., 149, to the effect that the mere fact of the appointment of a receiver does not invalidate a contract. Aside from the question as to whether the receiver would have been able to renew the loan and thus give the maker of the note a further opportunity to pay it, it seems to us that, as a condition precedent to such renewal, the maker of the note must first pay the interest for six months due thereon. Had the maker of the note paid such interest at the end of six months and demanded a renewal of the note; and had the bank, through its receiver, then failed to renew the note, a different condition might be presented in this case, and it is unnecessary to decide what would be the liability of the guarantor under such a condition. The record, however, fails to show any payment of interest by the maker of the note or offer of payment. Under this situation, the liability of the guarantor became fixed, and the bank or its receiver had the right at any time thereafter to demand payment of the guarantor.

We are unable to see that the fact that the plaintiff did not enforce its claim against the guarantor during his lifetime is controlling, either as establishing that the claimant did not understand the writing attached to the letter to be a guaranty, or as in any way estopping the plaintiff from enforcing such guaranty against the guarantor's estate after his death.

For the reasons stated, the order of the trial court is affirmed.—Affirmed.

PARSONS, C. J., and ALBERT, KINTZINGER, RICHARDS, and HAMILTON, JJ., concur.