WILLIAMSON HEATER COMPANY, Appellee, v. GEORGE R. WHITMER, Appellant.

**TRIAL:** **Jury Question—Undisputed Facts.** Undisputed facts may present a jury question. So held where the liability of a guarantor 1 depended on the presentation of the claim to the principal "within a reasonable time after maturity."

**GUARANTY:** **Construction.** Principle reaffirmed that a guarantor who 2 becomes such without consideration flowing to himself may insist upon the strictest compliance with the contract, even though he has not been damaged by the failure to so comply.

*Appeal from Woodbury District Court.*—J. W. ANDERSON, Judge.

JUNE 25, 1921.

ACTION at law upon a contract of guaranty. There was a directed verdict and judgment for plaintiff, and defendant appeals. The facts are sufficiently stated in the opinion.—*Reversed.*

*H. W. Brackney*, for appellant.

*Herman F. Zeuch* and *Oliver, Harding, Oliver & Royal*, for appellee.

WEAVER, J.—On September 29, 1917, a partnership known as Denkman & Herms was doing business at Sioux City, Iowa.

The firm was at that time indebted to the Williamson Heater Company, a corporation at Cincinnati, Ohio, in the sum of $1,042.08. In consideration of an extension of the time for payment of this sum, then past due, the defendant herein, George R. Whitmer, entered into a written contract of guaranty, the material terms of which were stated in the following words:

1. TRIAL: jury question: undisputed facts.

"Now, therefore, it is hereby agreed that in the consideration of the said The Williamson Heater Company granting an extension of the time of payment and evidencing of the said indebtedness by the taking and accepting of three certain promissory notes of even date herewith, payable to the said The Williamson Heater Company and described as follows, to wit: One for $347.36 dollars, due sixty days from this date. One for $347.36 dollars, due ninety days from this date. One for $347.36 dollars, due 120 days from this date, with interest at 6 per cent and each and all signed by the said Denkman & Herms, and payable at the Bankers Loan & Trust Company's office in Sioux City, Iowa, the said Geo. R. Whitmer hereby agrees to and does hereby promise and agree that in case the said notes and each of them, on or before the respective maturity dates, thereof, or within a reasonable time thereafter, are sent for collection to the said Bankers Loan & Trust Company of Sioux City, Iowa, he will either collect and promptly remit the proceeds and full amount due upon each and every one of the said promissory notes, or if the said promissory notes and each and all of them be not collected and paid to the said Bankers Loan & Trust Company promptly upon their maturity, or within thirty days thereafter, he, the said George R. Whitmer, will promptly pay the said notes and each and all of them himself and remit the full amount of each and all of said notes to the said The Williamson Heater Company at Cincinnati Ohio.

[Signed]    G. R. Whitmer."

The first of the series of three notes, due November 28, 1917, appears to have been paid. The other two notes being still unpaid, this action was brought to collect the amount thereof upon defendant's contract of warranty. Appearing to the action, defendant resists plaintiff's demand and denies liability on the guaranty, because of the alleged failure of the plaintiff to

comply with the conditions of such guaranty. It will be noted by reference to the above-quoted terms of the contract that the defendant's agreement is that:

"In case the said notes and each of them on or before the respective maturity dates thereof or within reasonable time threafter are sent for collection to the Bankers Loan & Trust Company of Sioux City, Iowa, he will either collect and promptly remit the full amount due on the notes, or if such indebtedness be not collected and paid to the Bankers Loan & Trust Company promptly upon its maturity or within thirty days thereafter then he, the said George R. Whitmer, will himself promptly pay the notes in full."

The guaranty so given appears to have been without any consideration moving to the defendant, but the extension of time to Denkman & Herms was doubtless sufficient consideration to support it, if the conditions thereof were duly observed by the holder of the notes. One who undertakes to guarantee payment of the debt of another has the right to make the terms and conditions upon which he will assume the burden; and if the conditions so prescribed are not complied with or waived, the guarantor is discharged. As said by this court in *Schoonover v. Osborne Bros.*, 108 Iowa 453, 457:

2. GUARANTY: construction.

"A contract of guaranty or suretyship is said to be *strictissimi juris*, and one in which the guarantor has the right to prescribe the exact terms upon which he will enter into the obligation, and to insist on his discharge if those terms are not observed. It is not a question whether he is harmed by a deviation to which he has not assented."

The plaintiff in this case did not send the notes or either of them to the Bankers Loan & Trust Company for collection, either on or before their respective maturity dates. Did it send them to the said Loan & Trust Company "within a reasonable time thereafter?" It is shown that, when plaintiff received the notes, it deposited them for credit with a bank at Norwood, Ohio. Shortly before the due date of the first of the unpaid notes, the Norwood bank forwarded it for collection, not to the Bankers Loan & Trust Company, but to the National Bank of Commerce, at Sioux City, Iowa. Since it was not paid upon presentation,

the Bank of Commerce returned it to the Norwood bank, which redelivered it to the plaintiff.

We return now, for the moment, to the last note, which fell due January 28, 1918. Before the due date arrived, the Norwood bank forwarded it for collection, but again sent it, not to the Bankers Loan & Trust Company, but to the First National Bank of Sioux City. Not being paid upon presentation, this note also was returned to plaintiff, through the Norwood bank. On February 6, 1918, plaintiff sent both notes directly to the Bankers Loan & Trust Company, stating that the makers thereof had failed to pay the same, and asking the bank to present them to the defendant, Whitmer, and demand payment under his contract of guaranty.

It should be said also that, at this time, Denkman & Herms had become involved in bankruptcy proceedings, and that, on January 29, 1918,—nine days before the notes were finally sent the Bankers Loan & Trust Company, with instructions to make demand of the guarantor,—Whitmer had written the plaintiff, complaining of their alleged failure to observe the conditions of his guaranty, and saying that, had plaintiff acted in accordance with such terms, he could have secured payment from the makers of the note. For the reasons so alleged, he claimed to be discharged from further obligation.

The issue presented for our consideration involves the single question whether the court erred in holding, as a matter of law, that plaintiff had fully complied with the conditions of the defendant's guaranty.

Except for the modifying clause, "or within a reasonable time thereafter," which follows the words fixing the date when the notes are to be sent to the Bankers Loan & Trust Company, we should have no hesitation in saying that the delay of which appellant complains was, as a matter of law, sufficient to discharge the guarantor; but the modification just referred to indicates that literal exactness in the date was not to be essential, so long as the delay, if any, did not operate to unreasonably prejudice the defendant. Such being the case, we next have to inquire whether the court may say that the proved or admitted delay was or was not unreasonable, as a matter of law. Upon this proposition the trial court held with the plaintiff, and di-

rected a verdict in its favor. A reasonable time is defined by counsel for appellee as being "such time as is necessary, under the circumstances, for a reasonably prudent and diligent man to do conveniently what the contract or duty requires should be done, having regard for the rights, and possibly the loss, if any, to the other party affected;" and this, for the purposes of the instant case, may be accepted as sufficiently accurate. Counsel also state that "the better view and the weight of authority is to the effect that what constitutes a reasonable time is a mixed question of law and fact, to be decided by the jury under the direction of the court on a general verdict, or to be decided by the court, where the facts are undisputed." With a modification of the final clause, this quoted definition may also be taken as a fair statement of the applicable law. That there is no conflict of evidence does not always or necessarily make the question one of law for the court, if, upon the circumstances considered as a whole, fair-minded and intelligent men may reach different conclusions. *Citizens' Bank v. First Nat. Bank,* 135 Iowa 605. There is not perfect accord in the precedents, and cases may be found going to the extreme of holding that, in all cases, the interval of time being shown, the question whether it is "reasonable" is for the court; but such view has never had the approval of this court. The general proposition is as stated by counsel: That whether the proved or admitted time is reasonable is a mixed question of law and fact, and is, therefore, to be submitted to the jury.

There is in this case no serious dispute over the facts, but we think it cannot be said that but one conclusion can be drawn therefrom. The contract sued upon is not a general guaranty. It is not an unconditional guaranty. It is both special and conditional. To recover thereon, it is not sufficient to show that Denkman & Herms had not paid their notes, but it must affirmatively appear that the appellee had performed or complied with the conditions upon which the guarantor promised to be bound. What is a reasonable time for such performance depends not alone on the words of the contract, but is often affected very materially by the circumstances attendant upon the making of such contract. Now, it is fairly inferable from the record that, at the date of this transaction, Denkman & Herms were in finan-

cial straits; that they were indebted in a considerable sum to
the appellee; that appellee was demanding security as the price
of an extension of the time of payment; that, to obtain such ex-
tension, the defendant was solicited to become a guarantor of
the claim, which he did. In so doing, however, he sought to
limit his liability within strict and narrow bounds, and condi-
tioned his promise upon the plaintiff's promptly sending the
notes for collection on or before their maturity, or within rea-
sonable time thereafter, to a specifically designated bank, a
bank of which defendant was himself president. Just why he
imposed this condition is not explained; nor is it material that
an explanation be offered, for it was his right to prescribe the
conditions on which he would undertake to pay the debt of an-
other; but it is not an unnatural supposition that, knowing the
embarrassed condition of Denkman & Herms, he wished to have
the paper presented promptly, when due, and at a place where,
by reason of his own relations to the named bank, or for other
personal reasons, he thought he could best protect himself from
liability. We do not undertake to say what weight or effect
should be given to these and other circumstances attending the
making of the contract, but we regard it as quite clear that to-
gether they make up a case which should have been submitted
to the jury.

The assignment of error upon the ruling below directing a
verdict for the plaintiff is, therefore, sustained. The judgment
appealed from is reversed, and cause remanded for a new trial.
—Reversed.

EVANS, C. J., PRESTON and DE GRAFF, JJ., concur.