## PESKI v. TODD & BROWN, Inc.
### No. 9038.

Circuit Court of Appeals, Seventh Circuit.

Nov. 20, 1946.

Paul E. Reed and Wm. J. Reed, both of Knox, Ind., for appellant.

Paul M. Butler, of South Bend, Ind., for appellee.

Before SPARKS and KERNER, Circuit Judges, and HOLLY, District Judge.

SPARKS, Circuit Judge.

Plaintiff's decedent was killed in a railway crossing accident when the bus, operated by his employer, in which he was a passenger on his way to work, was struck by a train. His administratrix filed suit against the employer for $10,000 for wrongful death. The action was dismissed on motion of the defendant on the ground that the complaint stated no cause of action inasmuch as the accident occurred in the course of employment, and relief was limited to that afforded by the Workmen's Compensation Act of Indiana. From this judgment of dismissal plaintiff appeals.

There is no dispute as to the facts which were stipulated. Decedent was employed at an ordnance plant operated by appellee in LaPorte County, Indiana. Appellee also owned and operated a bus line for transportation of its employees from their residences to the plant. Only employees were entitled to use the buses, and they paid the same fare as was paid on common carriers in the vicinity for the same distance and service. Employees were not required to use the buses provided, and many used other modes of transportation—their own cars, share-the-ride-cars, and other buses. They were not under the control of the

employer while traveling on the buses and were not paid for the time spent on them.

The accident which resulted in decedent's death occurred when the bus on which he was a passenger was struck by a train at a crossing where appellant alleged the driver failed to stop, although the train was approaching and had already given an audible signal.

Appellant concedes that if, in fact, her decedent was killed in an accident arising out of and in the course of his employment, her action can not be maintained. She denies, however, that the stipulated facts require that conclusion, as a matter of law, as it was determined by the court in dismissing the action.

The District Court relied upon the case of American Coal Mining Co. v. Crenshaw, 77 Ind.App. 644, 133 N.E. 394, 396. The facts of the Crenshaw case differ from those of the case at bar only in that the transportation furnished the employee was by train owned and operated by an independent railroad under contract with the employer, whereas in the case at bar, the employer itself owned and operated the bus on which the employee was killed. In the Crenshaw case the action was for death benefits under the Indiana Workmen's Compensation Act. After reviewing the authorities, the court stated the rule to be that "where the conveyance for the employees has been provided by the employer, after the real beginning of the employment, whether such conveyance be his own or is one used for his benefit by virtue of a contract with another, the same being in compliance with one of the implied or express terms of the contract of employment, for the mere use of the employees, and is one which the employees are required, or as a matter of right are permitted, to use by virtue of their contract of employment, the employer is liable (under the Compensation Act) * * *."

We have noted the single difference in fact between the Crenshaw case and the one at bar in the ownership and operation of the conveyance for the reason that in the former case, the Indiana court distinguished an earlier case (Vandalia R. Co. v. Stevens, 67 Ind.App. 238, 114 N.E. 1001), in which the injured employee was permitted to recover in a personal injury action against the third party carrier operating under a contract with the employer to convey its employees to and from its place of employment. In the Crenshaw case the court stated that the fact that the injured employee might have had his remedy against the carrier, as in the Vandalia case, did not preclude him from his remedy under the Compensation Act. Under the rule as stated there, however, it does not appear that where the *employer* operates the conveyance for the special use of the employee as an incident of the employment, the latter may elect his remedy, whether to proceed as at common law for negligence, or under the Compensation Act. The Act provides by its own terms that the remedy shall be exclusive. Burns' Indiana Statutes, sec. 40-1206. We think this means that where the employer is liable under the Act, as the Indiana courts have held that it is under facts substantially identical with those here involved,[1] the Act must furnish the exclusive remedy as to him, regardless of the fact that if a third party were also liable, the employee might have the option to elect whether to proceed against him or the third party.

The relationship between employer and employee during the period in which the latter is on his way to work in a conveyance provided by the former is brought out, we think, in the case, Tallon v. Interborough Rapid Transit Co., 232 N.Y. 410, 134 N.E. 327, 328, 21 A.L.R. 1218. There the Court of Appeals for New York held that the representative of a Rapid Transit

---

[1] That this Indiana rule follows the authorities generally prevailing throughout the United States, see Annotations, 10 A.L.R. 169, 21 A.L.R. 1223, 24 A.L.R. 1233, 62 A.L.R. 1438, 145 A.L.R. 1033. The rule is stated in 10 A.L.R. 169, "It is generally held that where transportation is furnished by an employer as an incident of the employment, an injury suffered by the employee going or coming in the vehicle so furnished by the employer, and under his control, arises out of and is within the course of the employment, within the meaning of the Workmen's Compensation Acts."

guard who was killed while riding as a passenger on his way to work on pass on a *regular* train of his employer could maintain an action for wrongful death as against the defense that the sole remedy lay under the Workmen's Compensation Law, Consol. Laws, c. 67. The court said (with three judges dissenting): "Now this case differs materially from those cases where the employer, in order to get his employees to and from their work, provides conveyances exclusively for their use which in no sense are public conveyances and in which the employees undertake to ride as part of their contract of employment in going to and from their work."

Under the authorities generally prevailing, as adopted by the Indiana courts, we think there is no doubt that, under the facts here stipulated, appellant's decedent was killed in an accident arising out of and in the course of his employment. There was no error in the action of the District Court in dismissing the complaint as a matter of law.

Judgment affirmed.

