# 691

**In the Matter of the DEATH OF William G. HANELINE.**

**Susan HANELINE and Evelyn Haneline, Petitioners,**

v.

**SQUAW TRANSIT COMPANY, Fireman's Fund and Workers' Compensation Court, Respondents.**

**No. 58611.**

Court of Appeals of Oklahoma, Division No. 4.

Feb. 8, 1983.

Rehearing Denied April 4, 1983.

Released for Publication by Order of the Court of Appeals May 6, 1983.

J. Clark Russell, Russell, Payne & Farber, Oklahoma City, for petitioners.

E.D. Hieronymus, Rhodes, Hieronymus, Jones, Tucker & Gable, Tulsa, for respondents.

BRIGHTMIRE, Presiding Judge.

The main question in this workers' compensation case is whether the worker's death arose out of and in the course of his employment. The trial court held it did not. The court en banc affirmed the trial court. We decline to disturb the court en banc's order.

I

The material facts are for the most part undisputed. The deceased worker, William G. Haneline, drove a truck for Squaw Transit Company. On November 2, 1977, he was dispatched to New Mexico where he was to pick up a wrecked car and bring it to Tulsa, Oklahoma.

Haneline left Tulsa, got the damaged vehicle and arrived back in Tulsa November 4, 1977. Instead of leaving the truck at the company yard as he was supposed to do, he decided to drive it to his home near Jay, Oklahoma. A few miles down the road the truck quit. Deceased called his wife the next morning, Saturday, November 5, and she brought him some tools. He could not get the truck to run so he left it and went home.

Early the following Monday morning Haneline and a fellow employee drove Haneline's pickup to the location of the loaded company truck and began trying to tow it toward Tulsa. Near Catoosa, Oklahoma, the pickup ran out of gas and while they were in the act of siphoning gas out of the company truck it was struck by a passing vehicle fatally wounding Haneline.

Two women filed claims each saying she was Haneline's widow.

## II

Only one of the alleged widows appeals and she challenges the conclusion of the trial court by saying that at the time of his death Haneline was doing something for the company, like trying to get its truck back to the yard. She admits the circumstances present a question of fact for the court to resolve, but insists that the resolution was contrary to the uncontroverted facts. More specifically, she maintains that while Haneline may have been guilty of deviating from his employment on Friday, he was back within the scope of his employment on Monday morning.

We disagree. What he was doing Monday morning was a completion of, or perhaps more accurately, an attempted extrication from, the aborted unauthorized use of the truck three days earlier. Company policy forbade a truck driver from driving a company vehicle home. Moreover, in case of a breakdown on the road, the driver was supposed to call the company dispatcher who would send a wrecker to bring the vehicle in. In the record evidence appears that neither company rule was waived on this occasion although there was testimony by one of the women that deceased had driven a company truck home on some previous occasions.

It seems likely that the trial judge found that the truck broke down while Haneline was making unauthorized use of it and that then, to make matters worse, he was attempting an unauthorized transport of the company truck at the time he was killed. Indeed, the nature of the latter act itself tends to imply a knowing misuse of the truck. In any event the trial judge concluded that under the circumstances Haneline had deviated from his employment and that his death did not arise out of or in the course of his employment. It is difficult for us to see how a different conclusion could reasonably be reached.

## III

The order of the trial court is sustained.

DeMIER and STUBBLEFIELD, JJ., concur.