MR. JUSTICE SHEEHY
delivered the Opinion of the Court.
Claimant appeals the order of the Workers’ Compensation Court denying him Workers’ Compensation benefits for injuries he received in an automobile accident. We reverse the order of the Workers’ Compensation Court and remand the case for further proceedings.
Claimant Harold J. Lassabe filed a petition with the Workers’ Compensation Court after Argonaut Insurance Company, the insurer for Simmons Drilling, Inc., denied liability for Lassabe’s injuries and refused to pay benefits to him. Prior to trial, the parties stipulated that the issue of liability on the part of Simmons Drilling would be litigated separately from the questions of disability benefits, costs and attorney fees. The sole issues submitted to the Workers’ Compensation Court at the hearing were:
1. Whether Lassabe was an employee of Simmons Drilling at the time of the automobile accident?
2. Whether Lassabe was within the course and scope of his employment for Simmons Drilling at the time of his accident?
Since the Workers’ Compensation Court found it could decide the case by a preponderance of probative credible evidence on the second issue, the court held that Lassabe was not in the course and scope of his employment when he was injured and did not reach the *96 first issue. Lassabe has appealed the court’s judgment on the above two issues.
Simmons Drilling is a corporation involved in oil exploration and drilling operations. In January, 1982, Simmons Drilling had a drilling rig operating approximately 40 miles southwest of Newcastle, Wyoming. Drilling crews working on the rig had temporary living quarters at a motel in Newcastle. The crews worked a twenty-one day on, seven day off schedule. During their seven days off, the crews were free to come and go as they pleased.
Alvin Robinson was a driller for Simmons Drilling. In mid-January, 1982, he returned to his home in Kevin, Montana, during his seven days off. While he was there, he hired a crew to work for him on the Newcastle rig. Among those whom he contacted to work was Harold Lassabe. Robinson arranged for Lassabe and two other men to drive Robinson’s car from Kevin to Newcastle so the crew could begin work on the midnight tower January 24. On the morning of January 23, Robinson and his wife left for Newcastle, followed by the drilling crew in Robinson’s car. North of Vaughn, Montana, the car carrying the drilling crew was involved in an accident. Lassabe, who was in the front passenger seat, hit his head on the windshield and injured his neck, lower back and left side. Lassabe was taken to a hospital in Great Falls, and the remainder of the crew and the driller Robinson continued on to Newcastle. Robinson reported the accident to the rig manager when he arrived in Newcastle.
Montana law provides that an employee who receives an injury arising out of and in the course of his employment is entitled to disability benefits. Section 39-71-407, MCA. Before considering whether Lassabe was acting within the course and scope of employment, the basic premise of employment must be established. Guarascio v. Industrial Accident Bd. (1962), 140 Mont. 497, 499, 374 P.2d 84, 85. Whether or not Lassabe was an employee of Simmons Drilling at the time of the accident depends on whether or not there was an employment contract between the two parties. Id. at 499-500, 374 P.2d at 85. An employment contract may be expressed or implied, oral or written. Section 39-71-118(1](a), MCA.
The Workers’ Compensation Court found that Robinson was the driller employed by Simmons Drilling on the Newcastle project to supervise one of the crews. Robinson, as the driller, had the responsibility of rounding up his own crews. The court found that the “ultimate responsibility or authority to accept [a crew member] for employment” was with the rig manager or “tool pusher,” that position *97 being filled, at the time of the accident, by a man named John Chamber. However, Chamber himself testified that in actual practice he never refused employment to any person Robinson brought out to the rig. Chamber further testified that in his twenty-five years of experience in the oilfield as a hand, driller, and tool pusher, the customary practice was for the tool pusher to hire the driller, and for the driller to hire his own crew. The driller was the direct supervisor of his crew, and arranged for all the transportation of the crew to the drilling locations.
Thus in the practice of oilfield hiring, when Robinson contacted Lassabe and the other crew members to come to work for him, and when he thereafter arranged for them to drive in his car and arrive in Newcastle the following day, such conduct by the driller would reasonably lead Lassabe to conclude he was employed. The three crew members had with them in the car at the time of the accident all of their workclothes, hardhats, boots and other equipment for working on the rig. Lassabe and another crew member testified it was their understanding they were to begin their shift upon arrival in Newcastle, after checking into the motel where the crew was housed. We hold that the above facts are sufficient to lead a reasonable person to believe he was employed. Such a reasonable belief as to employment is all that is needed to find a person is an employee. Guarascio, 140 Mont. at 500, 347 P.2d at 85.
We next turn to the issue of whether Lassabe was within the course and scope of his employment. The general rule is that injuries sustained by an employee while going to or from work are not compensable. Christian v. Nicor Drilling Co. (Okla. 1982), 653 P.2d 185, 186; Hagerman v. Galen State Hospital (1977), 174 Mont. 249, 251, 570 P.2d 893, 894. A number of exceptions have arisen to this general rule. Some exceptions are applied when the employer provides transportation to the job site, or pays travel expenses, or whenever the nature of the work itself creates a necessity for travel. Christian v. Nicor Drilling Co., 653 P.2d at 186; Austin Drilling Co. v. Rice (Okla. App. 1980), 616 P.2d 446, 450 (citing Fluor Engineers & Contractors, Inc. v. Kessler (Okla. 1977), 561 P.2d 72, 74). The Oklahoma Supreme Court has enunciated the policy behind these exceptions:
“These exceptions rest on the law’s awareness that in certain situations both the employer and the employee derive mutual benefit from the inclusion of travel in the course of employment. This is particularly true of the oil industry. When drilling sites are at loca *98 tions remote from population centers, transportation is commonly provided by the employer for the mutual benefit of all parties.”
Christian v. Nicor Drilling Co., 653 P.2d at 186. (Footnotes omitted.)
In Guarascio, this Court stated, “an injury suffered by an employee while performing an act for the mutual benefit of the employer and employee is compensable, because when some advantage to the employer results from the employee’s conduct, his act cannot be regarded as purely personal and wholly unrelated to the employment.” Guarascio, 140 Mont. at 501, 347 P.2d at 86. In this case, the benefit to the employer Simmons Drilling is to have a dependable crew ready so the rig can run continuously. If the driller failed to show up with a crew, the rig would have to shut down, or the previous crew would have to be kept on at overtime pay. In either case the company would lose money. It was Simmons Drilling’s policy to have the driller round up his own crew and transport them to the rig in time for the next shift. Alvin Robinson was in the course of doing just that when the accident occurred which injured Lassabe. Moreover, the single purpose of Lassabe’s trip was to go to the site of his employment in a transportation mode furnished by the driller, all to the benefit of the employer.
We hold that Lassabe, as an employee of Simmons Drilling, was within the course and scope of his employment at the time of the January 23 accident.
The judgment of the Workers’ Compensation Court is reversed, and the case is remanded for further proceedings.
MR. JUSTICES HARRISON, HUNT and McDONOUGH concur.