■ Rose J. Schauder, Appellant, v Warrent Pfeifer et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Durante, J.), dated August 28, 1989, as denied her motion for summary judgment dismissing the affirmative defense of workers' compensation, and directed the parties to proceed expeditiously before the Workers' Compensation Board, without prejudice to renewal after a determination of the plaintiff's rights, if any, to benefits under the provisions of the Workers' Compensation Law.

Ordered that the order is modified, on the law, by adding a provision that, upon searching the record, the defendants are granted summary judgment dismissing the complaint; as so modified, the order is affirmed, with costs to the defendants.

The incident which forms the basis of this lawsuit occurred on August 20, 1987, when the plaintiff suffered injuries as a result of an automobile accident on her way home from work. At the time, the plaintiff was a passenger in a van owned by her employer the defendant Hazeltine Corporation and operated by a coemployee, the defendant Pfeifer. The plaintiff commenced this action on October 23, 1987, to recover damages· for personal injuries due to the negligence of her employer and the driver of the van. The defendants served an amended answer, dated August 12, 1988, asserting an affirmative defense of workers' compensation. The plaintiff moved for summary judgment dismissing the defendants' affirmative defense of workers' compensation and the defendants crossmoved for summary judgment dismissing the complaint on the ground that the plaintiff's cause of action was barred by

workers' compensation. The Supreme Court denied both motions without prejudice to renewal after a determination by the Workers' Compensation Board of the rights, if any, of the plaintiff under the Workers' Compensation Law.

While it is the general rule that injuries incurred by an employee while commuting to and from work are not deemed to arise out of the course of employment for the purposes of the Workers' Compensation Law, an employer who assumes, by contract or custom, the responsibility of transporting its employees must likewise bear the responsibility for the risks encountered in that transportation (see, Matter of Holcomb v Daily News, 45 NY2d 602, 606-607). In the case at bar, the defendant employer had issued a Van Pool Driver/Coordinator Cooperative Agreement for the purpose of forming a van pool for transporting its employees to and from work for a monthly fee. The company agreed to furnish the van, to assist in forming and maintaining the van pool and to render any assistance necessary for the functioning of the van pool. Payments by the employees for riding in the van pool were made to the defendant employer. While the driver/coordinator was labeled an independent contractor in the aforementioned agreement, it is clear from a review of the terms of that agreement that he was under the direct control of the defendant employer such that his designation as an independent contractor is illusory. Any accidents incurred by the driver were to be reported immediately to the company, as the driver was only responsible for damages up to $100 for property damage arising solely from his personal use of the van. Significantly the driver, the defendant Pfeifer, has already applied for and received workers' compensation benefits in connection with the automobile accident at bar. From the preceding facts, it seems clear that the defendant employer had assumed a sole obligation to transport its employees to and from work (Matter of Holcomb v Daily News, supra, at 606).

While the Supreme Court held that there were triable issues of fact as to whether the plaintiff's injuries arose out of the course of her employment such that a prior determination by the Workers' Compensation Board would be required (see, O'Rourke v Long, 41 NY2d 219), we find, upon a review of the facts, that the plaintiff's injuries arose out of the course of her employment as a matter of law, such that the plaintiff's sole remedy is the one provided by the Workers' Compensation Law (see, Constantine v Sperry Corp., 149 AD2d 394, 395). Accordingly, having searched the record pursuant to CPLR

3212 (b), we grant the defendants summary judgment dismissing the plaintiff's complaint.

We also note that, contrary to the plaintiff's contention, the defendants are not barred by laches from asserting a workers' compensation defense. Since the plaintiff's attorney had written the Workers' Compensation Board that she would not be making a claim for workers' compensation benefits, she cannot now claim surprise or prejudice from the defendants' assertion of the affirmative defense of workers' compensation (see, Wyso v City of New York, 91 AD2d 661). Kunzeman, J. P., Sullivan, Eiber and Miller, JJ., concur.