Present:  Carrico, C.J., Lacy, Hassell, Keenan, Koontz, and
Kinser, JJ., and Whiting, S.J.

VAUGHAN'S LANDSCAPING & MAINTENANCE,
ET AL.                                           OPINION BY
                                    SENIOR JUSTICE HENRY H. WHITING
v.  Record No. 001740                           June 8, 2001

TIMOTHY JASON DODSON


                 FROM THE COURT OF APPEALS OF VIRGINIA

     In this workers' compensation case, we consider whether the

worker's injuries arose out of and in the course of his

employment.

     The following evidence was presented by the worker and his

employer at a hearing before a deputy commissioner of the

Virginia Workers' Compensation Commission (the Commission).

Timothy Jason Dodson (Dodson), a manual laborer who was 19 years

old at the time of his injuries, worked for David Vaughan, the

owner of Vaughan's Landscaping & Maintenance (Vaughan).  Dodson,

a passenger in the employer's pickup truck, was injured on

Saturday, June 24, 1995, when the truck, driven by Vaughan,

sideswiped a tree.

     The two men mowed lawns on the morning of the accident.

When they completed the last job between 1:00 and 1:30 p.m.,

Vaughan drove his truck and trailer, loaded with lawn

maintenance equipment, to Bentonville where he purchased beer

and wine.

While the two men proceeded toward Page County where both lived, they began drinking Vaughan's beer and wine. As they were driving, they noticed friends pitching horseshoes in a yard beside the road. The two men stopped and spent some time there pitching horseshoes and continuing to drink alcohol. While there, one of the owners of the property talked to Vaughan about doing some yard work in the future.

Vaughan testified that when they left this location, Dodson was "[p]retty drunk." Dodson admitted that he was drunk and that probably drinking a little more alcohol would have caused him to "pass out." While Vaughan was driving toward Page County on what he described as a one-lane gravel road, he "took [his] eyes off the road" to glance back at a bottle that Dodson had thrown out the window. According to Vaughan, this "caused me to get off the road . . . [j]ust enough that the truck skinned down the side of the tree." When the truck "skinned" the tree, Dodson's arm was injured.

Dodson filed a claim for workers' compensation benefits with the Commission, which Vaughan and his insurance company contested. After a hearing, the deputy commissioner, citing American Safety Razor Co. v. Hunter, 2 Va. App. 258, 261, 343 S.E.2d 461, 463 (1986), denied the claim on the ground that Dodson had abandoned his employment by reaching an advanced

2

stage of intoxication that rendered him incapable of engaging in his work-related duties.

On Dodson's appeal, the Commission reversed the deputy commissioner's decision and awarded Dodson benefits. The Commission ruled that the principle set forth in American Safety Razor Co. was inapplicable because Vaughan had obviously encouraged and condoned Dodson's conduct by illegally providing the alcohol and facilitating its consumption by the then under-age claimant. For those reasons, the Commission concluded that Vaughan "will not now be heard to assert the claimant's intoxication as a defense to his claim for benefits."

On Vaughan's appeal, a panel of the Court of Appeals reversed the decision of the Commission because the Court concluded that Dodson's injury did not occur in the course of his employment and was therefore not compensable. The Court reasoned that Dodson's self-induced, severe intoxication was unrelated to any work-related duty or function, and that it rendered him incapable of performing his job duties of operating yard maintenance equipment and other strenuous activities. Vaughan's Landscaping & Maintenance v. Dodson, 30 Va. App. 135, 141, 515 S.E.2d 800, 802 (1999).

Upon a rehearing en banc, the decision of the Commission was affirmed without an opinion by an evenly divided Court, the panel's opinion was withdrawn, and its mandate was vacated.

<u>Dodson v. Vaughan's Landscaping & Maintenance</u>, 32 Va. App. 667, 667-68, 529 S.E.2d 854, 854-55 (2000).  Because the case has significant precedential value, <u>see</u> Code § 17.1-410, we granted an appeal to Vaughan.

Vaughan contends that Dodson's severe level of intoxication rendered him incapable of performing his duties and, therefore, removed him from the course of his employment under the principle articulated in <u>American Safety Razor</u>, 2 Va. App. at 261, 343 S.E.2d at 463.  The evidence indicates, however, that Vaughan did not expect Dodson to work any more that day after finishing the job and starting back to Page County.  Under these circumstances, we do not think the principle articulated in <u>American Safety Razor</u> is applicable.  Hence, we reject this contention.

Here, the evidence was that Dodson's injuries were incurred while Vaughan was taking him to Luray, which is in Page County, at Dodson's request.  The evidence also showed that when Dodson finished his work, Vaughan usually returned Dodson to Dodson's home after work.  However, Vaughan sometimes took Dodson to Luray when Dodson requested, as he had on the day of his injuries.  If an employer furnishes an employee transportation to and from work, injuries that occur during such transportation are compensable as arising out of and in the course of

4

employment.  Provident Life and Accident Insurance Company v. Barnard, 236 Va. 41, 45, 372 S.E.2d 369, 371 (1988).

Vaughan recognizes that this accident would normally be considered to have occurred in the course of Dodson's employment.  Nevertheless, Vaughan argues that the accident did not arise out of and in the course of Dodson's employment for two reasons.

First, Vaughan contends that when he was driving Dodson to Luray, he was not doing so as Dodson's employer but as his friend after "they had opted to get drunk after work, an activity that was in no way connected to the employment."  We disagree.

The Commission made a factual finding that Vaughan discussed future business while they were pitching horseshoes with his friends and that Dodson was under Vaughan's control during the trip to Luray in Vaughan's truck.  The Commission's conclusion that the accident occurred in the course and scope of Dodson's employment implicitly incorporated a factual finding that Vaughan was acting as Dodson's employer when he resumed the trip to Luray.  We do not review the Commission's factual findings unless they are unsupported by credible evidence.  See Virginia Electric and Power Co. v. Kremposky, 227 Va. 265, 269, 315 S.E.2d 231, 233 (1984).  In this case, we cannot say that this evidence was not credible or was insufficient to support

5

the Commission's implied finding that Vaughan was taking Dodson to Luray in his capacity as Dodson's employer.

Vaughan's second reason why the accident did not occur in the course of employment is that the period of drinking and pitching horseshoes was such a deviation "from the business purpose of the ride home, that it effectively broke the nexus to the employment before the return trip home was resumed."  In support of this argument, Vaughan cites cases stating that if an employee so materially deviates from the employment-related purposes of his trip as to constitute a "frolic of his own," any accident occurring at that time is not considered to have occurred in the course of employment.  See, e.g., Taylor v. Robertson Chevrolet Co., 177 Va. 289, 295, 13 S.E.2d 326, 329 (1941).

Here, however, we are not considering an employee's deviation, but whether the employer's resumption of the trip to transport Dodson to the location of his choice was a trip in the course of his employment.  In taking Dodson to Luray, Vaughan was fulfilling his agreement as Dodson's employer to provide transportation to and from work.  Accordingly, we hold that Dodson's injuries arose out of and in the course of his employment and that the Commission's award of benefits should be upheld.

Therefore, the judgment of the Court of Appeals will be

Affirmed.