594 S.E.2d 272

Richard PRATT, Petitioner,

v.

MORRIS ROOFING, INC., Employer, and Transportation
Insurance Company, Carrier, Respondents.

No. 25792.

Supreme Court of South Carolina.

Heard Jan. 21, 2004.
Decided March 15, 2004.

620

Darrell Thomas Johnson, Jr., of Hardeeville, and R. Thayer Rivers, Jr., of Ridgeland, for petitioner.

W. Hugh McAngus, of McAngus, Goudelock & Courie, LLC, of Columbia, for respondents.

Acting Chief Justice MOORE.

We granted this writ of certiorari to determine whether the Court of Appeals erred by affirming the workers' compensation commission's denial of benefits.[1]  We affirm as modified.

## FACTS

Petitioner was injured in a single car accident while driving one of respondents' (Morris Roofing) trucks to work from his home to a job site.  He filed a workers' compensation claim.

At the hearing, petitioner testified he often drove one of Morris Roofing's vehicles to and from work, but sometimes he was a passenger in a Morris Roofing van.  Morris Roofing subtracted thirty-five dollars from his paycheck every week for transportation, regardless of whether he was allowed to drive a company vehicle home or whether he was transported in a company vehicle.

George Morris (George), one of the owners of Morris Roofing, testified petitioner was not supposed to take the truck home the night before the accident.  He testified petitioner called him the day before the accident and acknowledged that

---

1. *Pratt v. Morris Roofing, Inc.*, 353 S.C. 339, 577 S.E.2d 475 (Ct.App. 2003).

Paul Morris (Paul), the other owner of Morris Roofing, told petitioner he could not take the truck home. Petitioner told George that Paul instructed him not to take the truck home anymore because he was late almost every day. George testified he told petitioner he would not contravene Paul's orders. When petitioner was finished working, he was supposed to report to another job site and someone from that location would have driven him home with the rest of the employees. George testified petitioner never showed up at the other job site, though the workers at the site waited for him. Paul and a former Morris Roofing employee corroborated George's testimony.

The full commission affirmed the single commissioner's decision finding that, at the time of the accident, petitioner was not within the scope of his employment because he violated an order not to take the company truck. The circuit court and the Court of Appeals affirmed the full commission.

## ISSUE I

Did petitioner leave the scope of his employment by violating orders not to drive a company vehicle home?

## DISCUSSION

In a workers' compensation case, the full commission is the ultimate fact-finder. *Shealy v. Aiken County*, 341 S.C. 448, 535 S.E.2d 438 (2000). It is not the task of this Court to weigh the evidence as found by the full commission and we must affirm the findings of fact made by the commission if they are supported by substantial evidence. *Id.; McCraw v. Mary Black Hosp.*, 350 S.C. 229, 565 S.E.2d 286 (2002). Substantial evidence is not a mere scintilla of evidence, but is evidence that, considering the record as a whole, would allow reasonable minds to reach the conclusion the agency reached. *Id.* The question of whether an accident arises out of and is in the course and scope of employment is largely a question of fact for the full commission. *Wright v. Bi–Lo, Inc.*, 314 S.C. 152, 442 S.E.2d 186 (Ct.App.1994).

The controlling question in this case is whether petitioner left the scope of his employment by violating his

employer's direct instructions not to drive the company vehicle home. When an employer limits the scope of employment by specific prohibitions, injuries incurred while violating these prohibitions are not in the scope of employment and, therefore, not compensable. *Wright, supra* (citing *Black v. Town of Springfield,* 217 S.C. 413, 60 S.E.2d 854 (1950)). Here, the substantial evidence establishes petitioner left the scope of his employment by violating the specific order not to drive the company vehicle home. Accordingly, the full commission did not err by finding petitioner's injuries not compensable. *See Wright, supra* (grocery bagger's death not compensable where bagger violated employer's prohibition against approaching or apprehending suspected shoplifters); *Black, supra* (police chief's death not compensable where police chief violated City's express prohibition against riding a fire truck).[2]

## ISSUE II

Did the Court of Appeals err by holding Morris Roofing did not provide transportation to its employees?

## DISCUSSION

■ The full commission and the Court of Appeals found Morris Roofing did not provide transportation to petitioner because petitioner was required to pay for that transportation. These rulings are in error.

■ As a general rule, an employee going to or coming from the place where his work is to be performed is not engaged in performing any service growing out of and incidental to his employment and, therefore, an injury sustained by accident at such time does not arise out of and in the course of

---

**2.** Petitioner argues he returned to the scope of his employment on the date of the accident because he was returning the truck, which contained the employer's tools and materials, back to his employer. However, at the relevant time, petitioner still was violating his employer's instructions not to take the truck home. His effort to return the truck does not place him back inside the scope of his employment. *See Matter of Death of Haneline,* 662 P.2d 691 (Okla.App.1983) (death not did not arise out of or in course of employment where accident occurred while employee was trying to take company truck back to his employer after employee had used truck without authorization three days earlier).

his employment. *Medlin v. Upstate Plaster Service,* 329 S.C. 92, 495 S.E.2d 447 (1998). However, where, in going to and returning from work, the employer provides the means of transportation, the employee is within the scope of his employment. *Id.* The question is whether the fact petitioner paid Morris Roofing $35 a week for the use of or for transportation in one of the company vehicles means that Morris Roofing was "providing the means of transportation" such that petitioner's injuries could have been compensable had he not left the scope of his employment by driving the truck against his employer's specific instructions.

The decision of the Court of Appeals improperly suggests that, even if an employer charges an employee a nominal fee for transportation to and from work, that employee is not covered under workers' compensation. However, if an employer does not charge for transportation, the employee is covered.

According to *Larson's Workers' Compensation Law* § 15.01[2] (1999), when an employee pays out of his or her own pocket for transportation furnished in the employer's own conveyance, the employer still controls the element of risk and is liable in workers' compensation. The employer remains liable for the journey even though it charges the employee an amount for the trip sufficient to cover its cost. *See* 99 C.J.S. *Workmen's Compensation* § 441 (2000) (fact employer's charge for transportation is deducted from employee's wages definitely indicates connection of transportation with contract of employment); *see also Thayer v. Iowa,* 653 N.W.2d 595 (Iowa 2002) (allowing workers' compensation benefits where employer provided transportation and employees paid fee for that transportation); *Securex, Inc. v. Couto,* 627 So.2d 595 (Fla.App.1993) (rejecting argument that transportation must be free to fall within exception to going and coming rule); *Schauder v. Pfeifer,* 173 A.D.2d 598, 570 N.Y.S.2d 179 (N.Y.App.Div.1991) (allowing workers' compensation benefits where company furnished transportation and employees paid for transportation); *Neyland v. Maryland Casualty Co.,* 28 So.2d 351 (La.App.1946) (where employee paid employer for transportation, employee was riding as incident to employment and was entitled to benefits); *Peski v. Todd & Brown, Inc.,* 158 F.2d 59 (7th Cir.1946) (allowing benefits where

employer furnished transportation and employee paid for transportation).

Accordingly, we hold the Court of Appeals erred by finding that an employer does not provide the means of transportation to an employee if that employer receives payment from the employee for the transportation.

**AFFIRMED AS MODIFIED.**

WALLER, BURNETT, PLEICONES, JJ., and Acting Justice G. THOMAS COOPER, JR., concur.