Lloyd GORDON and Julia Gordon, Appellants,

v.

The WRIGHT COUNTY BOARD OF SUPERVISORS AND THE FRANKLIN COUNTY BOARD OF SUPERVISORS, ACTING AS THE JOINT BOARD FOR DRAINAGE DISTRICTS WRIGHT NO. 99 AND FRANKLIN NO. 1, Appellee.

No. 65950.

Supreme Court of Iowa.

June 16, 1982.

Rehearing Denied July 15, 1982.

G. A. Cady III of Hobson, Cady & Drew, Hampton, for appellants.

Lawrence B. Gilchrist of Gilchrist & Wiechmann, Hampton, and Lester C. Johnson of Archerd, Johnson & Brinton, Clarion, for appellee.

Considered by REYNOLDSON, C. J., and HARRIS, ALLBEE, McGIVERIN, and SCHULTZ, JJ.

REYNOLDSON, Chief Justice.

Plaintiffs appeal to this court from an adverse district court ruling in a dispute involving two joint drainage districts in Wright and Franklin Counties. We are compelled to dismiss the appeal for lack of jurisdiction.

The record presents the following facts. Trial court's judgment was entered November 14, 1980. November 24, 1980, plaintiff's counsel mailed notice of appeal to opposing counsel, our clerk, and the clerk of the district court. The district court clerk never received the mailed notice.

January 26, 1981, we entered an order informing plaintiffs that no notice of appeal had been filed with the district court clerk and granting time to submit a statement explaining why the case should not be dismissed. On the same day, plaintiffs filed a notice of appeal with the district court clerk. They then filed an explanatory statement in this court, and defendants filed a response. We ordered the jurisdictional issue to be submitted with the case.

Iowa Rule of Appellate Procedure 5(a) in relevant part provides that "[a]ppeals to the supreme court must be *taken* within, and not after, thirty days from the entry of the order, judgment or decree . . . ." (Emphasis added.) "Taken" is defined in Iowa Rule of Appellate Procedure 6(a):

An appeal . . . is taken and perfected *by filing* a notice with the clerk of the court where the order, judgment or decree was entered, signed by appellant or his attorney.

(Emphasis added.) Our rules do not mention serving the clerk of court; the requirement is *filing*. Rule 6(a) contains three other relevant requirements.

The appellant shall *serve* a copy of the notice on each other party or his counsel in the manner prescribed in R.C.P. 82"b". [2] The notice *presented* to the clerk of the trial court for filing shall be accompanied by a proof of service in the form prescribed in R.C.P. 82"g". [3] Promptly after *filing* the notice of appeal with the clerk of the trial court appellant shall mail or deliver to the clerk of the supreme court a copy of such notice for his information.

(Emphasis added.)

The pertinent part of Iowa Rule of Civil Procedure 82(d), as now amended,[1] states:

Whenever these rules [of civil procedure] or *the rules of appellate procedure* require a filing with the district court or its clerk within a certain time, the time requirement shall be tolled when service is made, provided the actual filing is done within a reasonable time thereafter.

<hr />

**1.** 1979 Iowa Acts ch. 173 added the phrase "or the rules of appellate procedure."

(Emphasis added.) Under rule 82(d) the mandatory filing with the district court clerk is timely if (1) the service is timely and (2) the "actual" filing is completed within a "reasonable time thereafter." *Cook v. City of Council Bluffs*, 264 N.W.2d 784, 787 (Iowa 1978); *accord City of Central City v. Knowlton*, 265 N.W.2d 749, 750–51 (Iowa 1978).

In *Cook* we approved for a second time a definition of "reasonable time" that provided it was such time as is necessary, under the circumstances, for a reasonably prudent and diligent person to do conveniently what the contract or duty requires should be done, having regard for the rights, and possibly the loss, if any, to the other party affected. *Cook*, 264 N.W.2d at 787 (quoting *Williamson Heater Co. v. Whitmer*, 191 Iowa 1115, 1119, 183 N.W. 404, 405 (1921)); *accord Budde v. City Development Board*, 276 N.W.2d 846, 849 (Iowa 1979).

■ Under similar circumstances in *Cook*, 264 N.W.2d at 787, we held a twenty-six day delay was "near the line." This case presents a sixty-three day delay from service on the parties to actual filing. Obviously this does not meet the above "reasonable time" test. *Cf. Budde*, 276 N.W.2d at 849 (seven days was a reasonable time under rule 82(d)). Although plaintiffs point out defendants suffered no loss from this delay, we do not interpret that factor in the definition as extending what would otherwise be a reasonable time. Rather, a loss factor would collapse what would otherwise be a reasonable time into a shorter period for performance.

We are without jurisdiction to entertain this appeal.

APPEAL DISMISSED.