# IN THE SUPREME COURT OF IOWA

No. 17–1419

Filed January 18, 2019

**DAVID LOWELL EVENSON,**

Appellant,

vs.

**WINNEBAGO INDUSTRIES, INC.** and **SENTRY INSURANCE COMPANY,**

Appellees.

---

Appeal from the Iowa District Court for Polk County, Jeffrey Farrell, Judge.

A workers' compensation claimant appeals a decision of the district court over a dispute concerning workers' compensation penalty benefits. **APPEAL DISMISSED.**

Mark S. Soldat of Soldat & Parrish-Sams, PLC, West Des Moines, for appellant.

Steven T. Durick, Joseph M. Barron, and Kathryn Johnson of Peddicord, Wharton, Spencer, Hook, Barron & Wegman, LLP, West Des Moines (until withdrawal), and Jason P. Wiltfang, Corridorlaw Group Iowa, P.C., Cedar Rapids, for appellees.

**WIGGINS, Justice.**

David Lowell Evenson's counsel filed a notice of appeal from a district court ruling in a dispute over workers' compensation penalty benefits. Winnebago Industries, Inc. and Sentry Insurance Company filed a motion to dismiss the appeal, alleging Evenson failed to timely file his notice of appeal with the district court. We ordered that the motion to dismiss be considered with the appeal. Upon doing so, we are compelled to dismiss the appeal.

The record presents the following facts. The district court filed its ruling on judicial review on August 25, 2017. On September 5, Evenson's counsel served a notice of appeal on opposing counsel and filed the notice with the clerk of the supreme court on September 6. Counsel captioned the notice of appeal for Winnebago County but never filed the notice with the Winnebago County clerk of court. On September 7, Evenson served a second notice of appeal on opposing counsel and filed the appeal with the supreme court clerk on the same day. He captioned the second notice for Polk County but never filed the second notice with the Polk County clerk of court. On January 29, 2018, Evenson filed a corrected notice of appeal with the Polk County clerk of court. On the same day, he also filed the corrected notice with the clerk of the supreme court and served it on opposing counsel. On February 20, Winnebago Industries, Inc. and Sentry Insurance Company's counsel filed their motion to dismiss the appeal.

The Iowa Rules of Appellate Procedure provide in relevant part that "[a] notice of appeal must be filed within 30 days after the filing of the final order or judgement." Iowa R. App. P. 6.101(1)(*b*). The rules provide that the filing deadline for a notice of appeal is tolled by timely service. *Id.* r. 6.101(4). The rules states, "The time for filing a notice of appeal is tolled

when the notice is served, provided the notice is filed with the district court clerk within a reasonable time." *Id.*

Rule 6.101(4) references Iowa Rule of Civil Procedure 1.442(4). The pertinent part of rule 1.442(4) provides,

> Whenever these rules or the rules of appellate procedure require a filing with the district court or its clerk within a certain time, the time requirement shall be tolled when service is made, provided the actual filing is done within a reasonable time thereafter.

Iowa R. Civ. P. 1.442(4). We have defined a "reasonable time" as "such time as is necessary, under the circumstances, for a reasonably prudent and diligent man to do conveniently what the contract or duty requires . . . for the rights, and possibly the loss if any to the other party affected." *Thayer v. State*, 653 N.W.2d 595, 599 (Iowa 2002) (quoting *Cook v. City of Council Bluffs*, 264 N.W.2d 784, 787 (Iowa 1978) (en banc)).

Our Iowa Rules of Electronic Procedure do not affect our deadlines contained in our rules. These rules provide in relevant part, "The availability of electronic filing, however, does not affect deadlines or the provisions for extension of deadlines in the Iowa Code or Iowa Court Rules." Iowa R. Elec. P. 16.309(1)(*a*).

Thus, the relevant question we must answer to decide this motion to dismiss is whether Evenson's counsel's filing of the corrected notice of appeal with the Polk County clerk of court was done in a reasonable time after the first notice of appeal was served on Winnebago Industries, Inc. and Sentry Insurance Company's counsel. Evenson's counsel served the first notice of appeal on September 5, 2017. He served the second notice of appeal on September 7. Evenson's counsel served both of these notices within thirty days of the district court's filing of its ruling on judicial review. The first time Evenson's counsel filed a notice of appeal with the

Polk County clerk of court was January 29, 2018. The time between service on September 7, 2017, and filing on January 29, 2018, is 144 days.

In *Gordon v. Wright County Board of Supervisors*, we discussed what constitutes a "reasonable time" under our rules. 320 N.W.2d 565, 567 (Iowa 1982). There, we noted a twenty-six-day delay was "near the line." *Id.* (quoting *Cook*, 264 N.W.2d at 787). Accordingly, we held "a sixty-three day delay from service on the parties to actual filing . . . [o]bviously . . . does not meet the above 'reasonable time' test." *Id.* We also held the fact that the appellees suffered no loss from the delay did not extend what constituted a reasonable time. *Id.*

A 145-day delay is far beyond the sixty-three-day delay we found unreasonable in *Gordon. See id.* Thus, we find Evenson's counsel did not file the notice of appeal within a reasonable time. *Cf. Thayer*, 653 N.W.2d at 599 (holding thirty-two days was a reasonable time to file the notice of appeal after service on the opposing parties); *Cook*, 264 N.W.2d at 787 (holding twenty-six days was a reasonable time to file the notice of appeal after service on the opposing parties).

Evenson makes one final argument: that his appeal was timely because the clerk of the supreme court set appellate deadlines in its notice of the briefing deadlines. *See* Iowa R. App. P. 6.803(6) ("The clerk of the supreme court shall give notice, in a notice of the briefing deadline, to all parties or their attorneys of the date on which the last transcript ordered for the appeal was filed."); *id.* r. 6.901(1)(*a*) ("The appellant shall file a proof copy of the appellant's brief within 50 days after the date the clerk gives the notice of the briefing deadline required under rule 6.803(6) that the last transcript ordered for the appeal has been filed. If no transcript is ordered or if the transcript is unavailable, the appellant shall file a proof copy of the appellant's brief within 50 days after the clerk gives notice of

the briefing deadline."). However, the setting of appellate deadlines by the clerk cannot vest our court with jurisdiction. Failure to file a timely notice of appeal leaves us without subject matter jurisdiction to hear the appeal. *Hills Bank & Tr. Co. v. Converse*, 772 N.W.2d 764, 771 (Iowa 2009).

We are therefore without jurisdiction to entertain this appeal.

**APPEAL DISMISSED.**