# IN THE COURT OF APPEALS OF IOWA

No. 18-1672
Filed November 27, 2019

**PANTHER DENG,**
　　　　Plaintiff-Appellant,

**vs.**

**CURTIS WHITE, FAMILY PLAN 2000, and JACD-S INC.,**
　　　　Defendants-Appellees.

_____

　　　　Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.


　　　　Panther Deng appeals following the entry of a judgment by the district court in favor of the defendants following a trial to the bench. **AFFIRMED.**


　　　　Christopher B. Rottler of Community Lawyers of Iowa, PLC, Des Moines, for appellant.

　　　　Kenneth J. Weiland Jr. of Weiland Law Firm, Des Moines, for appellees.


　　　　Considered by Bower, C.J., and Vaitheswaran and Doyle, JJ.

**DOYLE, Judge.**

Panther Deng appeals following the entry of a judgment by the district court in favor of the defendants following a bench trial. Concluding we have jurisdiction to entertain this appeal, we affirm the ruling of the district court.

## I. *Jurisdictional Issue*.

As a preliminary matter, we begin with the jurisdictional question presented, because the "[f]ailure to file a timely notice of appeal leaves [the appellate court] without subject matter jurisdiction to hear the appeal." *Evenson v. Winnebago Indus., Inc.*, 922 N.W.2d 335, 336 (Iowa 2019). Consequently, if we lack jurisdiction, we should not consider the appeal's merits. *See id.* The record presents the following facts pertinent to resolving that issue.

### A. *Background Facts and Proceedings*.

On August 28, 2018, the district court entered judgment in favor of defendants Curtis White, Family Plan 2000, and JACD-S INC.[1] On September 26, Deng filed a notice of appeal with the supreme court clerk through the Judicial Branch's Electronic Data Management System (EDMS). On November 1, the Iowa Supreme Court entered an order noting it had received "an informational notice of appeal . . . announcing [Deng's] intention to appeal" the district court's August order but it appeared that a notice of appeal had not been filed in district court as required by Iowa Rules of Appellate Procedure 6.101(1)(b) and .102(2). The court ordered Deng to file a statement within fourteen days as to whether the court had jurisdiction to consider the informational notice of appeal.

---

[1] We will refer to the defendants collectively as "the Defendants."

On November 6, Deng's counsel filed with the supreme court a statement regarding the notice of appeal. He explained he filed the notice of appeal via the EDMS appellate portal on September 26, 2018, and paid the filing fee at that time. He said access to the filing EDMS portal for both appellate courts and district courts used the same log-in username and password. "Due to the inexperience with filing appeals via the EDMS system, [he] did not fully realize at the time that filing the Notice of Appeal via the EDMS appellate portal was not a proper filing of the Notice of Appeal as required by Iowa Rule of Appellate Procedure 6.102(2)." *See* Iowa R. App. P. 6.102(1) (stating that to appeal a final order, a notice of appeal must be filed "with the clerk of the district court where the order or judgment was entered"). Deng's counsel noted the defendants, the Iowa Attorney General, and the court reporter were timely served with the notice of appeal as required by rule 6.102(2)(b). He stated that he reviewed the supreme court's November 1 order on November 5, "which was the first time that [he] realized there was any error in the filing of the Notice of Appeal. Upon learning of the error, [he] immediately filed the Notice of Appeal through the EDMS, this time with the district court portal." He argued his error did not deprive the supreme court of jurisdiction because the time to file the notice with the district court was tolled under rule 6.101(4) and Iowa Rule of Civil Procedure 1.442(4) since there was timely service of the notice and the notice was filed with the district court clerk within a reasonable time given the circumstances.

In response, the Defendants maintained the appeal should be dismissed for lack of jurisdiction because the notice was not timely filed. The supreme court concluded the jurisdictional issue should be considered with the issues raised on

appeal and the matter briefed by the parties. Ultimately, the supreme court transferred the case to this court for disposition.

### B. Analysis of Jurisdictional Issue.

Under the Iowa Rules of Appellate Procedure, an appeal is initiated by filing the notice of appeal with the district court clerk. Iowa R. App. P. 6.102(1)(a). But for exceptions not relevant here, rule 6.101(1)(b) requires the notice of appeal to "be filed within [thirty] days after the filing of the final order or judgment." However, the time for filing a notice of appeal is tolled "when the notice is served, provided the notice is filed with the district court clerk within a reasonable time." Iowa R. App. P. 6.101(4) (referencing rule 1.442(4), which similarly states that whenever the relevant procedural rules "require a filing with the district court or its clerk within a certain time, the time requirement shall be tolled when service is made, provided the actual filing is done within a reasonable time thereafter"). "Reasonable time" is the amount of time generally "necessary, under the circumstances, for a reasonably prudent and diligent [person] to do conveniently what the contract or duty requires for the rights, and possibly the loss if any to the other party affected." *Evenson v. Winnebago Indus., Inc.*, 922 N.W.2d 335, 336 (Iowa 2019) (cleaned up). Notably, the "Iowa Rules of Electronic Procedure do not affect our deadlines contained in our rules." *Id.* (citing Iowa R. Elec. P. 16.309(1)(a)).

Thus, the relevant question here is whether Deng's counsel's filing of the notice of appeal was done in a reasonable time after it was served on opposing counsel. Time is computed as set out in Iowa Code section 4.1(34) (2018), which provides in pertinent part, "the first day shall be excluded and the last included, unless the last falls on Sunday, in which case the time prescribed shall be extended

so as to include the whole of the following Monday." Because the district court's judgment was entered August 28, 2018, the deadline to file the notice of appeal was Thursday, September 27, 2018, the thirtieth day. It was not filed in the district court until Monday, November 5, 2018, some forty days after the day the Defendants were served notice on September 26, 2018. Deng argues the amount of time delayed was reasonable, given that all the other relevant parties were served timely notice of his intent to appeal.[2]

The Iowa Supreme Court has deemed a thirty-two day delay to be reasonable. *See Thayer v. State*, 653 N.W.2d 595, 598-99 (Iowa 2002) ("Thayer sent notice of appeal in a timely manner to the district court clerk but, for some reason, the notice did not arrive."); *see also Budde v. City Dev. Bd.*, 276 N.W.2d 846, 849 (Iowa 1979) (holding seven-day delay was a reasonable time); *Cook v. City of Council Bluffs*, 264 N.W.2d 784, 787 (Iowa 1978) (finding question "close" and the case "near the line," but concluding a notice of appeal filed with the district court clerk twenty-six days after service on opposing counsel was reasonable because the notice was initially mailed in a timely fashion but the mail service went awry). The court has found unreasonable delays of sixty-three days and 144 days. *See Evenson*, 922 N.W.2d at 337 (holding 144-day delay unreasonable); *Gordon v. Wright Cty. Bd. of Supervisors*, 320 N.W.2d 565, 567 (Iowa 1982) (holding sixty-

---

[2] Deng argues the applicable time frame was only thirty-nine days, but that time frame starts from the day the notice had to be filed, September 27, to the day notice was filed in district court, November 5. As we will discuss below, the Iowa Supreme Court has looked at the number of days from the date of service on opposing counsel to the date the notice was filed, here forty days. Consequently, we address the delay of forty days.

three day delay unreasonable). There are no cases that we have found or have been directed to in-between those number of days.

In reaching its finding that a thirty-two-day delay was reasonable, the court in *Thayer* emphasized the use of the words "service" and "filing" in rule 6.101(4): "Thayer *served* timely notice of appeal on all concerned parties but she did not *file* with the district court clerk until thirty-five days after Thayer served notice of appeal on opposing counsel." 653 N.W.2d at 598. Because "Thayer's filing was only thirty-two days after the deadline was tolled" and "both the University and the Supreme Court clerk received notice of the appeal in a timely fashion," the University suffered no unfairness. *Id.* at 599. Under those circumstances, the court found "thirty-two days was a reasonable time to file the notice of appeal after service on the parties." *Id.*

Nevertheless, the court in *Gordon* recognized that even if a defendant suffers no loss from a plaintiff's delay in filing a notice of appeal, that is not a "factor in the definition as extending what would otherwise be a reasonable time. Rather, a loss factor would collapse what would otherwise be a reasonable time into a shorter period for performance." 320 N.W.2d at 567. In *Cook*, the court held a twenty-six day delay was "near the line." 264 N.W.2d at 787. Even though the court found six more days under the facts of *Thayer* was reasonable, extending the time to thirty-two days, the court this year restated its prior holding that a twenty-six-day delay was "near the line." *Evenson*, 922 N.W.2d at 337.

Deng served the notice of appeal on the defendants, the attorney general, and the court reporter the day the notice was filed with the supreme court through the EDMS appellate portal. The docket fee was timely paid. *See* Iowa R. App. P.

6.703(1). Deng timely filed a combined certificate on October 8, 2018. *See* Iowa R. App. P. 6.804. The transcript was timely ordered from the court reporter. *See* Iowa R. App. P. 6.803(1). The transcript was filed with the district court on November 1, 2018. As soon as Deng's counsel saw the supreme court order regarding the lack of filing of a notice with the district court clerk, he immediately filed the notice of appeal with the district court clerk.

To be sure, the Judicial Branch's Appellate eFile User Guide regarding the filing of a new case states: "**Important Note! [in red] If you are filing an Appeal from the District Court; you are still required to file the Notice of Appeal with the District Court as well." The Notice of Electronic Filing kicked out by the EDMS auto-notification system shows Deng's September 26, 2018 Notice of Appeal as being filed in the "Appellate Court." Nevertheless, having had our own trials and tribulations with EDMS, we can certainly sympathize with Deng's counsel's confusion as to whether the notice had also been filed with the district court— particularly when computer software and procedures are seemingly under constant change and not particularly intuitive to the law-trained. Once he was advised of his error he acted promptly. Under the unique circumstances here, we cannot say that forty days between service of notice and filing was "unreasonable." So, we proceed to the merits of the appeal.

## II. Claim Raised on Appeal.

Deng challenges the district court's judgment in favor of the Defendants on Deng's unfair-and-deceptive-acts-and-practices claim. Deng raises several arguments on appeal. This case was tried in equity, and both parties agree the

appropriate standard of review is de novo.[3]  We will briefly set out the relevant facts.

### A.  *Background Facts and Proceedings.*

Deng was born in 1988 in Sudan and speaks Dinka and Arabic.  She came to the United States as a refugee in 2004.  Here, Deng attended school and learned to speak, read, and write English.

In December 2016, Deng filed a petition at law asserting an unfair-and-deceptive-acts-and-practices claim against the Defendants under Iowa Code chapter 714H.  Deng's petition stated she and the Defendants on December 22, 2014, "signed a lease addendum with the Des Moines Municipal Housing Authority

---

[3] Deng cites for this proposition *McKee v. Isle of Capri Casinos, Inc.*, 864 N.W.2d 518, 525 (Iowa 2015), which, citing *State ex rel. Miller v. Cutty's Des Moines Camping Club, Inc.*, 694 N.W.2d 518, 524 (Iowa 2005), states: "While actions brought under the Consumer Fraud Act are normally tried in equity and reviewed de novo, when they are resolved on a motion for summary judgment, our review is for the correction of errors at law."  However, *Miller* was premised upon Iowa Code chapter 714 (2001).  *See Miller*, 694 N.W.2d at 523-24.  Section 714.16(7) provides, "A civil action pursuant to this section shall be by equitable proceedings." The relevant chapter here—chapter 714H—came in to existence in 2009 and sets out more specific consumer protections and rights.  *See* Iowa Acts 2009 ch. 167, § 5.  That chapter does *not* contain the same "shall be by equitable proceedings" language; rather, section 714H.5, as the Iowa Supreme Court later mentions in *McKee*, "establishes a private right of action: 'A consumer who suffers an ascertainable loss of money or property as the result of a prohibited practice or act . . . may bring an *action at law* to recover actual damages.'"  864 N.W.2d at 532 (quoting Iowa Code § 714H.5(1)) (emphasis added).  Thus, a claim brought under chapter 714H should be tried at law, and appellate review of the claim then is for correction of errors at law.  *See* Iowa R. App. P. 6.907 ("Review in equity cases shall be de novo.  In all other cases the appellate courts shall constitute courts for correction of errors at law."); *see also Biermann v. Guaranty Mut. Life. Ins. Co.*, 120 N.W. 963, 964 (Iowa 1909) ("Generally speaking, equity has no jurisdiction where there is an adequate remedy at law . . . .").  Nevertheless, because "[o]ur standard of review is determined by the nature of the trial proceedings," *Schulte v. Wageman*, 465 N.W.2d 285, 286 (Iowa 1991), and the underlying case was tried in equity, our review is de novo.  *See* Iowa R. App. P. 6.907.

(DMMHA) to subsidize [Deng's] rent." Deng alleged that although the Defendants received rent payments from DMMHA, the Defendants in March 2015 wrongfully filed an action for forcible entry and detainer against her for non-payment of rent and ultimately successfully—but wrongly—evicted her after a writ of removal was entered in that case. Deng claimed the Defendants misrepresented proof she had been properly served with the filing in that action. Deng noted the writ of removal was later rescinded, and the judgment for eviction was set-aside. However, Deng's property was removed from the rental through the eviction and lost.

Deng claimed the Defendants violated the Iowa Private Right of Action for Consumer Frauds Act (IPRACFA), set out in Iowa Code chapter 714H. *See* Iowa Code § 714H.1 (2016). Deng maintained the Defendants' eviction of her from the rental property despite having received the DMMHA's rent payment was a deceptive and unfair act within the meaning of the IPRACFA. Deng stated she suffered damages, including the value of her removed and lost property, as well as "rents and/or additional housing costs from loss of a place to rent/live, estimated at $5000." Deng also asserted the Defendants' alleged deceptive and unfair actions were willfully and wantonly executed in disregard for the rights and safety of another, and she sought punitive damages permitted under chapter 714H.

Trial was held in March 2018. There, the deputy sheriff who executed the writ of removal in March 2015 testified Deng was present at the time of the eviction. He testified that it is normal practice to allow a resident to retrieve their belongings, absent any trouble or conflict. He did not recall any problems. White, Deng's landlord, testified he was present for the eviction, as were Deng and her brother

and someone else. White testified Deng "was more busy throwing a fit about" the eviction but was told she could "either get [her] stuff or [she] could stand outside."

Deng gave a different account, testifying she asked the men moving her things out of the rental to stop but was told they could not stop and to call her landlord. Deng testified she called White but he "didn't want to talk to [her], and that's how [she] lost [her] place." However, on further questioning, Deng admitted most of her things had been moved out to the front porch. When Deng was asked if anyone told her she could not take her property on the front porch, Deng answered, "No. From outside I can, I could pick it up. Because I picked up a couple things, they didn't say no. But for me to go inside, I can't." She said she came back later for her important papers but could not find them and panicked, so she did not really take anything.

Following the trial, the district court entered its ruling in favor of the Defendants, finding Deng "failed to satisfy her burden of proving by clear, convincing, and satisfactory evidence that the Defendants violated Iowa Code chapter [714H]." The court reasoned that even if Deng satisfactorily proved her allegations, she could still not establish those actions were a "but-for cause" of the loss of her property.

### B. Claim Analysis.

Section 714H.5(1) states, in relevant part: "A consumer who suffers an ascertainable loss of money or property as the result of a prohibited practice or act in violation of this chapter may bring an action at law to recover actual damages." "'Actual damages' means all compensatory damages proximately caused by the prohibited practice or act that are reasonably ascertainable in amount. 'Actual

damages' does not include damages for bodily injury, pain and suffering, mental distress, or loss of consortium, loss of life, or loss of enjoyment of life." Iowa Code § 714H.2(1). "Proximately caused" or proximate causation is a legal term of art that refers to the "scope of liability." *Thompson v. Kaczinski*, 774 N.W.2d 829, 837 (Iowa 2009). "To determine whether the defendant in fact caused the plaintiff's harm, we apply a 'but-for' test." *Garr v. City of Ottumwa*, 846 N.W.2d 865, 869 (Iowa 2014). The "but-for test" "implies a negative. If the plaintiff would have suffered the same harm had the defendant not acted negligently, the defendant's conduct is not a cause in fact of the harm." *Id.* (citation omitted). However, if the harm would not have occurred "but-for the defendant's conduct," that conduct "is a cause in fact of the plaintiff's harm." *Id.* (citation omitted). In order to recover damages under chapter 714H, the claim must "be proved by a preponderance of the evidence." Iowa Code § 714H.5(3). Additionally:

> If the finder of fact finds by a preponderance of clear, convincing, and satisfactory evidence that a prohibited practice or act in violation of this chapter constitutes willful and wanton disregard for the rights or safety of another, in addition to an award of actual damages, statutory damages up to three times the amount of actual damages may be awarded to a prevailing consumer.

*Id.* § 714H.5(4).

The district court concluded:

> Based on the record, Ms. Deng simply cannot prove that Mr. White's illegal actions were the but-for cause of the loss of her property following the March 16, 2015 eviction. None of the plaintiff's allegations, if satisfactorily proven, would be a but-for cause of Ms. Deng's loss. Neither Mr. White's violation of the terms of the Home Rental Assistance Contract by receiving payments from other sources for Ms. Deng's rent, nor the inclusion of non-rent charges in the three-day notices sent to the plaintiff serve as the but-for loss of Ms. Deng's property. The plaintiff has not presented a preponderance of clear, convincing, and satisfactory evidence to

prove but-for causation between the defendant's allegedly deceptive acts and the loss of her personal property following the March 16 eviction.

We agree. Ultimately, while the eviction may have been improper, the record evidence shows Deng had the opportunity to take charge of her possessions but did not. There is no evidence Deng asked for more time to gather her possessions or inquired whether she could make arrangements with White. While unfortunate, Deng's harm—the loss of her property—was the result of her not taking charge of her property after it was removed from the apartment, not the Defendants' actions in removing the property. Beyond the loss of her property, Deng presented no evidence she sustained any other damages as alleged in her petition, such as "rents and/or additional housing costs." Although we sympathize with Deng, she did not establish by a preponderance of the evidence she suffered any actual damages "as the result of a prohibited practice or act in violation of [chapter 714H]." Iowa Code § 714H.5(1). Because Deng has failed to meet her burden of proof on this element of her chapter 714H claim, we need not address her other arguments further.

### III. Conclusion.

We have jurisdiction to consider Deng's appeal. However, Deng did not establish by a preponderance of the evidence she suffered any actual damages as a result of the Defendants' actions within the meaning of Iowa Code chapter 714H. On our de novo review, we agree with entering judgment in favor of the Defendants. Accordingly, we affirm the ruling of the district court.

**AFFIRMED.**