**IN THE COURT OF APPEALS OF IOWA**

No. 20-1105
Filed February 17, 2021

**IN THE INTEREST OF K.C.,**
**Minor Child,**

**S.C., Father,**
        Petitioner-Appellee,

**K.W., Mother,**
        Respondent-Appellant.
_____


        Appeal from the Iowa District Court for Pottawattamie County, Charles D.

Fagan, District Associate Judge.


        A mother appeals the termination of her parental rights in this private

termination proceeding.  **AFFIRMED.**


        Patricia Scheinost, Council Bluffs, for appellant mother.

        Amy E. Garreans of Garreans Law, LLC, Council Bluffs, for appellee father.

        Amanda Heims, Council Bluffs, attorney and guardian ad litem for minor

child.


        Considered by Mullins, P.J., and May and Schumacher, JJ.

**SCHUMACHER, Judge.**

A mother appeals the termination of her parental rights in this private termination proceeding. We conclude the delay of forty-three days between service of the notice of appeal and the date the appeal was filed in the district court was not unreasonable under these specific procedural facts and, therefore, we have jurisdiction to consider the appeal. We find there is sufficient evidence in the record to support termination of the mother's parental rights and termination is in the child's best interests. We affirm the decision of the district court.

## I. Background Facts & Proceedings

S.C., father, and K.W., mother, are the parents of K.C., born in 2010. The mother has a history of substance abuse. The child was previously removed from the mother's care and the family was involved in juvenile court proceedings. The father of K.C. filed a paternity action in district court. In 2018, the father was granted sole legal custody and physical care of the child. The mother was granted "reasonable visitation with the minor child once she is able to show that she is free from the use of illegal drugs." The visits were to be "supervised until it [was] determined that it is safe for those visitations to continue unsupervised." She was ordered to pay child support of $50.00 per month. The juvenile court proceedings for K.C. were then closed.

The mother never exercised her right to visitation with the child after the 2018 decree. She did not provide any clean drug tests, as required for visitation. The mother contacted the father between five to fifteen times, either by calling or

texting. The father told the mother that her parental rights to the child had been terminated, but the mother was aware that her rights had not been terminated.[1]

On March 30, 2020, the father filed a petition seeking termination of the mother's parental rights under Iowa Code section 600A.8 (2020). After the petition was filed, the mother made one payment of $50.00 for child support, which was the only child support payment made. Approximately one month prior to the termination hearing, the mother was charged in Nebraska with possession of methamphetamine with intent to deliver and possession of marijuana.[2]

The termination hearing was held on August 12. The mother testified her last visit with the child was on March 16, 2018. She stated she was aware she could go to the child's school or the father's home to see the child, but did not attempt to contact the child directly because she did not want to cause any problems. The mother sent some text messages to the father with greetings for the child. The mother testified:

---

[1] The mother's rights to another child, K.W., were terminated. Although the date of such termination does not appear in the record of this appeal, the hearing on the termination petition was held on November 28, 2018, and in a January 2019 order, the juvenile court terminated the mother's parental rights. *See In re K.W.*, No. 19-0206, 2019 WL 2372913, at *1 (Iowa Ct. App. June 5, 2019). A procedendo issued on June 24, 2019, following the mother's unsuccessful appeal. *Id.* at *3. The father in the instant case was awarded sole legal and physical care of K.C. in March 2018. He testified he did not understand the difference between sole custody and termination at the time he made such statement to the mother. The guardian ad litem testified the mother knew her rights were not terminated to K.C. The mother was a registered electronic filer and received notices of court filings.
[2] The mother had previous criminal convictions. In February 2018, the mother pled guilty to operating a motor vehicle without the owner's consent, was sentenced to twenty-one days in jail, and was given credit for time served. In July 2018, the mother pled guilty to fifth-degree theft and was sentenced to one day in jail. Also, in May 2019, the mother pled guilty to a second charge of operating a motor vehicle without the owner's consent. She was placed on informal probation for one year.

Q. So you knew that you had the ability to see or be a part of [the child's] life? A. Correct.
Q. You chose not to? A. I chose not to based off the fact that my children aren't allowed to speak my name in [the father's] home, and I didn't want to cause any other problems with my children and him.

The mother testified that she had been sober for one year at the time of the hearing.[3]

The district court filed an order on August 22, 2020, terminating the mother's parental rights under section 600A.8(3)(b). The court found the mother abandoned the child. The court also found termination of the mother's parental rights was in the child's best interests. The mother appealed the district court's decision.

## II.    Notice of Appeal

The termination order was filed on August 22, 2020. The mother sent an informational notice of appeal to the Iowa Supreme Court on August 26. The notice states that it was filed using the electronic data management system (EDMS) and service was sent to counsel for the father, the guardian ad litem, the clerk of court for the district court, and the supreme court. The notice of appeal was not filed in district court until October 8, which was forty-three days after sending the notice of appeal to the supreme court.

An appeal "is taken by filing a notice of appeal with the clerk of the district court where the order or judgment was entered." Iowa R. App. P. 6.102(2). Except for cases brought under chapter 232, the notice of appeal must be filed within thirty

---

[3]The mother did not provide the father evidence of her sobriety. The guardian ad litem testified the mother recently gave birth to a child and an open abuse assessment was pending in the State of Nebraska regarding the new baby. The mother testified she had not been contacted by Nebraska.

days after a final judgment. Iowa R. App. P. 6.101(1)(b). Iowa Rule of Appellate Procedure 6.101(4) provides, "The time for filing a notice of appeal is tolled when the notice is served, provided the notice is filed with the district court clerk within a reasonable time." On its own motion, the Iowa Supreme Court ordered the mother to file a statement concerning whether notice had been filed within a reasonable time after it was served. *See* Iowa R. App. P. 6.101(4).

Counsel for the mother stated the delay "was an inadvertent and unintentional oversight," and pointed out that the parties received notice of the appeal in a timely manner, although there was a delay in filing the notice of appeal in district court. The father acknowledged receiving the notice on August 26. The Iowa Supreme Court determined the issue of whether the notice of appeal was filed with the district court "within a reasonable time" under rule 6.101(4) should be submitted with the appeal. The mother's counsel thereafter filed an amended statement, pointing out that the parties adhered to the filing deadlines as if there had not been a delay in filing the notice of appeal.

The term "reasonable time" has been defined as "such time as is necessary, under the circumstances, for a reasonably prudent and diligent man [or woman] to do conveniently what the contract or duty requires . . . for the rights, and possibly the loss if any to the other party affected." *Evenson v. Winnebago Indus., Inc.*, 922 N.W.2d 335, 336 (Iowa 2019). In determining whether the filing was made within a reasonable time, we consider "all the existing circumstances." *Cook v. City of Council Bluffs*, 264 N.W.2d 784, 787 (Iowa 1978).

In *Evenson*, a delay of 144 days was found to be unreasonable. 922 N.W.2d at 337. Also, a delay of sixty-three days does "not meet the 'reasonable time' test."

*Gordon v. Wright Cnty. Bd. of Supervisors*, 320 N.W.2d 565, 567 (Iowa 1982) (citation omitted). A delay of thirty-two days was found to be reasonable where the appellant timely served notice of appeal to all concerned parties, as there was no unfairness due to the delay. *Thayer v. State*, 653 N.W.2d 595, 599 (Iowa 2002). A delay of twenty-six days, however, was noted to be "close" and "near the line," but ultimately reasonable. *Cook*, 264 N.W.2d at 787.

Recently, we considered a case where the notice of appeal was not filed in district court until "some forty days" after the parties were served with notice of the appeal. *Deng v. White*, No. 18-1672, 2019 WL 6358427, at *2 (Iowa Ct. App. Nov. 27, 2019). We found the appellant was not accustomed to using EDMS and acted promptly to file the notice in district court once apprised of the problem. *Id.* at *3. We concluded that under the circumstances of the case, the delay of forty days was not unreasonable. *Id.*

In considering all of the existing circumstances in this case, we conclude the delay of forty-three days was not unreasonable. *See Cook*, 264 N.W.2d at 787. The mother served notice to the father, the guardian ad litem, the district court clerk, and the supreme court on August 26. The court reporter disseminated the transcripts in a timely manner. Counsel for the mother and father adhered to the appellate filing deadlines as if the notice of appeal had been timely filed. No parties were prejudiced by the delay. The notice of appeal was promptly filed in the district court as soon as the problem was brought to the attention of the mother's counsel. We conclude that we have jurisdiction to address the appeal. *See Deng*, 2019 WL 6358427, at *3.

### III.    Merits

Private termination proceedings under Iowa Code chapter 600A are a two-step process.  *See* Iowa Code §§ 600A.1, .8.  The moving party must first prove by clear and convincing evidence the grounds for ordering termination of parental rights.  *See id.* § 600A.8.  For the second prong, the moving party must prove by clear and convincing evidence that termination is in the best interest of the child.  *See In re R.K.B.*, 572 N.W.2d 600, 602 (Iowa 1998).

Private termination proceedings under chapter 600A are reviewed de novo.  *In re G.A.*, 826 N.W.2d 125, 127 (Iowa Ct. App. 2012).  "We give weight to the juvenile court's factual findings, especially when considering the credibility of witnesses, but we are not bound by them."  *In re H.S.*, 805 N.W.2d 737, 745 (Iowa 2011).  In termination proceedings, our primary concern is the best interests of the child.  Iowa Code § 600A.1(1); *R.K.B.*, 572 N.W.2d at 601.

The mother claims there is not sufficient evidence to show she abandoned the child.  She asserts that the father prevented her from having contact with the child.  She notes the father told her that her parental rights to the child had been terminated.[4]

Section 600A.8(3) provides:

> b. If the child is six months of age or older when the termination hearing is held, a parent is deemed to have abandoned the child unless the parent maintains substantial and continuous or repeated contact with the child as demonstrated by contribution toward support of the child of a reasonable amount, according to the parent's means, and as demonstrated by any of the following:

---

[4] The mother acknowledged that although the father made a statement to her that her "rights were removed," she believed her contact with K.C. remained at the father's discretion.

(1) Visiting the child at least monthly when physically and financially able to do so and when not prevented from doing so by the person having lawful custody of the child.

(2) Regular communication with the child or with the person having the care or custody of the child, when physically and financially unable to visit the child or when prevented from visiting the child by the person having lawful custody of the child.

(3) Openly living with the child for a period of six months within the one-year period immediately preceding the termination of parental rights hearing and during that period openly holding himself or herself out to be the parent of the child.

The phrase "[t]o abandon a minor child" is defined to "[m]ean[ ] that a parent, . . . rejects the duties imposed by the parent-child relationship, . . . which may be evinced by the person, while being able to do so, making no provision or making only a marginal effort to provide for the support of the child or to communicate with the child." Iowa Code § 600A.2(20). A parent's subjective intent "does not preclude a determination that the parent has abandoned the child." *Id.* § 600A.8(3)(c).

The statute expressly requires the establishment of two elements by clear and convincing evidence: (1) the parent has failed to maintain "substantial and continuous or repeated contact with the child as demonstrated by contribution toward support of the child of a reasonable amount, according to the parent's means" and (2) the parent has failed to maintain sufficient contact with the child under one of the three alternatives listed in section 600A.8(3)(b)(1)–(3). *See* Iowa Code § 600A.8(3)(b); *see also In re S.A.*, No. 17-0859, 2018 WL 1182889, at *2 (Iowa Ct. App. Mar. 7, 2018) (noting "the threshold element of 'substantial and continuous or repeated contact' is economic contributions" (quoting *In re K.W.*, No. 14-2115, 2015 WL 6508910, at *3 (Iowa Ct. App. Oct. 28, 2015))).

The mother has made only one payment for child support, and it was made after the petition was filed. Although the father told the mother her rights had been terminated, the mother was aware her rights were not terminated at the time. The mother testified she knew she could have contact with the child but did not pursue it; she "didn't want to cause any other problems" with the child and the father. Furthermore, between the mother's last visit with the child in March 2018 and the termination hearing in August 2020, a period of about twenty-nine months, the mother did not have any visits with the child and contacted the father fifteen times at most. We conclude the mother did not regularly visit or communicate with the father or the child. *See id.* § 600A.8(3)(b). We find there is sufficient evidence in the record to show the mother abandoned the child within the meaning of section 600A.8(3).

The mother also claims termination of her parental rights is not in the child's best interests. Section 600A.1(2) states:

> The best interest of a child requires that each biological parent affirmatively assume the duties encompassed by the role of being a parent. In determining whether a parent has affirmatively assumed the duties of a parent, the court shall consider, but is not limited to consideration of, the fulfillment of financial obligations, demonstration of continued interest in the child, demonstration of a genuine effort to maintain communication with the child, and demonstration of the establishment and maintenance of a place of importance in the child's life.

We determine that termination of the mother's parental rights is in the child's best interests. The mother has not seen the child since March 2018. We agree with the juvenile court's statement, "Even if the Court fully credits [the mother's] testimony that she tried to reach out 15 times in the last two years, that is not enough." Despite the mother's claimed sobriety, in the month before the

termination hearing she was arrested for possession of methamphetamine with intent to deliver and possession of marijuana. The mother has only paid $50.00 in child support, and that payment was made after the petition to terminate was filed. The mother has not "affirmatively assume[d] the duties encompassed by the role of being a parent." *See id.* § 600A.1(2).

We affirm the district court's decision terminating the mother's parental rights.

**AFFIRMED.**